UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DOROTHY ROGERS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-CV-067 JD |
| MENARD, INC., | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This is a personal injury case based on the plaintiff's fall while shopping at a Menard's store. Dorothy Rogers, the plaintiff, filed suit against Menard, Inc. in state court. Menard then filed a notice of removal, asserting federal jurisdiction on the basis of diversity of citizenship. Ms. Rogers filed a motion to remand [DE 8], contending that neither complete diversity nor the amount in controversy are satisfied, and the motion has been fully briefed. Menard has also moved to strike Ms. Rogers' reply brief [DE 13], and she has not responded to that motion. For the following reasons, the Court denies both motions.

### **I. FACTUAL BACKGROUND**

According to the complaint, Ms. Rogers was shopping as a Menard's store in Elkhart, Indiana on June 16, 2014, when she fell over boards that were protruding in the lumber yard. Ms. Rogers broke her nose and her glasses, and hit her head. As a result, she incurred medical expenses and continues to have ongoing problems since the time of the accident. She is "unable to function in the same lifestyle she enjoyed" prior to that date, and has also had to incur expenses to hire a caregiver for her husband, as she is no longer able to provide the necessary care. [DE 3]. Ms. Rogers alleges that Menard was negligent in causing her fall, and seeks as

damages "a sum sufficient to compensate her for her medical expenses, ongoing medical expenses, pain and suffering, attorney fees, [and] court costs." [*Id.*]

Prior to filing the complaint, Ms. Rogers' attorney engaged in settlement discussions with Menard. On July 30, 2014, she stated the following in a letter:

> Mrs. Rogers suffered multiple injuries as a result of falling in the lumber yard at Menards due to employee negligence. She had a broken nose, broke her glasses, and suffered a mild concussion all of which she has had significant ongoing pain from and additional symptoms. She requires ongoing medical treatment from which she will continue to have medical expenses.
>
> . . . .
>
> Mrs. Rogers is the caregiver for her spouse who has had a stroke and suffers seiz[ur]es so that he cannot be left alone and requires constant supervision so that when my client must go to the doctor now, she must hire a supplemental caregiver to stay with her spouse while she herself receives medical attention. This is costing her $400 each time she must go to the doctor.
>
> At this time, we would be willing to do a pre-filing settlement. I would suggest that $250,000 for settlement would more than likely stop a complaint filing with the court as my client has ongoing medical expenses, pain and suffering, and inconvenience/expenses for hiring a supplemental caregiv[er]. Otherwise, a complaint will be filed and we will proceed to a jury trial.

[DE 9-1].[1]

On January 13, 2015, having not reached a settlement, Ms. Rogers filed her complaint in state court. [DE 3]. On February 9, 2015, counsel for Menard sent a letter to Ms. Rogers, in which he stated, "This will confirm our telephone conference on February 2, 2015 regarding the amount in controversy could exceed $75,000 as the Plaintiff continues to have medical treatment." [DE 12 p. 7]. The following day, on February 10, 2015, Menard filed a Notice of Removal in this Court, invoking diversity jurisdiction. It alleges that Menard is incorporated

---

[1] "Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show that the amount in controversy for jurisdictional purposes has been met." *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 n.2 (7th Cir. 2011).

under the laws of the State of Wisconsin and its principal place of business is in Eau Claire, Wisconsin, and that Ms. Rogers is a citizen of Indiana. It further alleges that the amount in controversy exceeds $75,000. The next day, February 11, 2015, Ms. Rogers' counsel responded to Menard's letter, stating: "I don't recall that we said the controversy would exceed $75,000. Actually I was suggesting a settlement between $60,000 and $75,000. However, we are waiting on a few more medical bills that the client is sending, and then we will send you all the information along with a settlement offer." [DE 12 p. 9]. Thereafter, Ms. Rogers also responded to a request for admissions, in which she admitted that she is seeking no greater than $75,000 in damages in this action. [DE 9-2].

## II. DISCUSSION

Ms. Rogers moves to remand this action to state court, arguing that the removal was improper because diversity jurisdiction does not exist. Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over all civil actions in which (1) complete diversity of citizenship exists and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. "The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* Here, Ms. Rogers disputes that either element of diversity jurisdiction has been met.

As to diversity of citizenship, Ms. Rogers does not dispute that she is a citizen of Indiana, so complete diversity will be present as long as Menard is not a citizen of Indiana. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

3

28 U.S.C. § 1332(c)(1); *see also Hertz*, 559 U.S. at 92–93. Menard alleges in its notice of removal that it is incorporated under the laws of the State of Wisconsin and has its principal place of business in Eau Claire, Wisconsin, [DE 1 ¶ 2], which would make it a Wisconsin citizen. Ms. Rogers does not actually dispute either of those allegations. Rather, she argues that because Menard does business in Indiana, including at the store she visited, it is also subject to jurisdiction in Indiana, so there is no "diversity of jurisdiction." This argument, however, confuses citizenship with personal jurisdiction. A corporation may be subject to personal jurisdiction in any state it does business, but it is only a *citizen* of the states in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). A principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 92–93. Because Ms. Rogers does not actually dispute that Menard's *principal* place of business is in Eau Claire, Wisconsin, as alleged by Menard, the Court accepts that allegation, and finds that Menard is a citizen of Wisconsin.[2] Therefore, complete diversity exists.

Ms. Rogers next disputes that the amount in controversy exceeds $75,000. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). Because Menard is the proponent of this Court's jurisdiction, it bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Courts recognize, however, that it is

---

[2] *See also Thacker v. Menard, Inc.*, 105 F.3d 382, 384 (7th Cir. 1997) (noting that Menard is "a citizen of Wisconsin for diversity jurisdiction purposes"); *Colletti v. Menard, Inc.*, No. 14-cv-13538, 2014 WL 404356, at *1 (E.D. Mich. Jan. 29, 2015) (same); *Carpenter v. Menard, Inc.*, No. 2:14-cv-113, 2014 WL 5465747, at *5 (N.D. Ind. Oct. 28, 2014) (same).

difficult to demonstrate the amount in controversy with any specificity where, as in Indiana, a plaintiff is not required by state rules of procedure to plead damages in an amount certain, particularly where the plaintiff is resistant to litigating in federal court. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Under such circumstances, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* Once the defendant has made such a showing, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Oshana*, 472 F.3d at 511.

In arguing that the amount in controversy exceeds $75,000, Menard relies primarily on Ms. Rogers' settlement demand of $250,000 on July 30, 2014. In her reply brief, Ms. Rogers argues that that was a preliminary amount prior to receiving medical reports, and that by the time of removal, it was clear that the damages she was seeking were much more modest. In support of that argument, she cites to an email she sent on February 11, 2015, in which she apparently referenced a phone call with Menard's counsel on February 2, 2015, a week prior to removal. In that email, counsel stated: "I don't recall that we said the controversy would exceed $75,000. Actually I was suggesting a settlement between $60,000 and $75,000." [DE 12 p. 9]. However, even that evidence supports a conclusion that the amount in controversy exceeded $75,000—if Ms. Rogers was willing to accept a *settlement* of $60,000 to $75,000 at the outset of litigation, then the amount she was ultimately seeking in the litigation almost certainly had to be much higher. Given the time and expense of proceeding through litigation, including discovery, motion practice, and trial, and the uncertainty of the result or amount of a jury verdict, even "the

5

willingness to accept [a settlement of] $60,000 supports a conclusion that the 'controversy' exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

Ms. Rogers also argues that the amount in controversy is less than $75,000 because she has since stipulated through a request for admissions that her damages in this case do not exceed $75,000. However, that stipulation has no effect on this analysis, as it was not submitted until after the notice of removal was filed: "[P]ost-removal events—even an irrevocable promise not to accept more than the jurisdictional minimum—do not authorize remand of a suit that was within federal jurisdiction when removed . . . ." *Rising-Moore*, 435 F.3d at 816; *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777–78 (7th Cir. 2012) (stating that a "post-removal disclaimer of damages exceeding $75,000 could not defeat federal jurisdiction after a proper removal based on the complaint"). Therefore, the Court concludes that Menard has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. And since there was no legal certainty that Ms. Rogers could recover no more than $75,000 at that time, the amount in controversy requirement has been satisfied. Therefore, Menard has shown that this action is within the federal courts' diversity jurisdiction, so its removal of this action was proper. Ms. Rogers' motion to remand is therefore denied.

Finally, Menard moved to strike Ms. Rogers' reply brief, as it was untimely. The Court denies that motion, as the reply brief does not affect the outcome of the underlying motion.

### III.  CONCLUSION

Ms. Rogers' motion to remand [DE 8] is DENIED, as is Menard's motion to strike [DE 13].

willingness to accept [a settlement of] $60,000 supports a conclusion that the 'controversy' exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

Ms. Rogers also argues that the amount in controversy is less than $75,000 because she has since stipulated through a request for admissions that her damages in this case do not exceed $75,000. However, that stipulation has no effect on this analysis, as it was not submitted until after the notice of removal was filed: "[P]ost-removal events—even an irrevocable promise not to accept more than the jurisdictional minimum—do not authorize remand of a suit that was within federal jurisdiction when removed . . . ." *Rising-Moore*, 435 F.3d at 816; *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777–78 (7th Cir. 2012) (stating that a "post-removal disclaimer of damages exceeding $75,000 could not defeat federal jurisdiction after a proper removal based on the complaint"). Therefore, the Court concludes that Menard has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. And since there was no legal certainty that Ms. Rogers could recover no more than $75,000 at that time, the amount in controversy requirement has been satisfied. Therefore, Menard has shown that this action is within the federal courts' diversity jurisdiction, so its removal of this action was proper. Ms. Rogers' motion to remand is therefore denied.

Finally, Menard moved to strike Ms. Rogers' reply brief, as it was untimely. The Court denies that motion, as the reply brief does not affect the outcome of the underlying motion.

### III.  CONCLUSION

Ms. Rogers' motion to remand [DE 8] is DENIED, as is Menard's motion to strike [DE 13].

SO ORDERED.

ENTERED: July 2, 2015

                                                /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court